**\*E-FILED 03-22-2011\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INGRIDA SKRABE,<br><br>    Plaintiff,<br><br>  v.<br><br>CHASE HOME FINANCE, as successor in interest to WASHINGTON MUTUAL BANK; LYNN COLEMAN; FINANCIAL TITLE COMPANY; PAULA PIOLETTI; CREATIVE LOANS & REALTY; RICKEY PETER; U.S. BANK, N.A. as Trustee for WAMU; THE FEDERAL DEPOSIT INSURANCE CORPORATION, Receiver of Washington Mutual Bank; and DOES 3-100, inclusive,<br><br>    Defendant.<br>_____/ | No. C10-03230 HRL<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND; (2) DENYING AS MOOT ALL REQUESTS FOR TELEPHONIC APPEARANCE; AND RE-SETTING INITIAL CASE MANAGEMENT CONFERENCE**<br><br>**[Re:   Docket Nos. 28, 39, 40, 44]** |

Plaintiff Ingrida Skrabe sues for alleged statutory and common law violations in connection with her home mortgage. She filed a complaint in state court, asserting seven claims for relief: (1) Fraud and Deceit; (2) Breach of Contract; (3) Breach of Fiduciary Duty/Constructive Fraud; (4) Negligent Misrepresentation; (5) Violation of Business and Professions Code § 17200, *et seq*.; (6) Unjust Enrichment; and (7) Rescission Based on Violation of Federal Truth in Lending Act (TILA), 15 U.S.C. § 1635. Skrabe subsequently named as defendants U.S. Bank as Trustee for Washington Mutual Bank, as well as the Federal Deposit Insurance Corporation (FDIC) in its capacity as receiver for Washington Mutual Bank.

1  Pursuant to 12 U.S.C. § 1819(b), the FDIC removed the matter here.  Skrabe has since
2  dismissed her claims against the FDIC with prejudice.[1]
3       Pursuant to Fed. R. Civ. P. 12(b)(6), U.S. Bank now moves to dismiss the complaint.
4  Plaintiff opposes the motion.  Both parties have expressly consented that all proceedings in this
5  matter may be heard and finally adjudicated by the undersigned.  28 U.S.C. § 636(c); FED. R.
6  CIV. P. 73.  The matter is deemed appropriate for determination without oral argument.  The
7  April 5, 2011 motion hearing is vacated, and all motions for telephonic appearance are denied
8  as moot.  CIV. L.R. 7-1(b).  Having considered all of the papers submitted by the parties, this
9  court grants U.S. Bank's motion with leave to amend.

## LEGAL STANDARD

11  A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests
12  the legal sufficiency of the claims in the complaint.  "Dismissal can be based on the lack of a
13  cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal
14  theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In such a
15  motion, all material allegations in the complaint must be taken as true and construed in the light
16  most favorable to the claimant.  See Balistreri, 901 F.2d at 699.  However, "[t]hreadbare recitals
17  of the elements of a cause of action, supported by mere conclusory statements, do not suffice."
18  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Morever, "the court is not required to accept
19  legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably
20  be drawn from the facts alleged."  Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th
21  Cir. 1994).  Documents which properly are the subject of judicial notice may be considered
22  along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion for failure to state a
23  claim for relief.  See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).
24       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
25  claim showing that the pleader is entitled to relief."  This means that the "[f]actual allegations

---

[1] The record indicates that these proceedings have been automatically stayed as defendants Financial Title Company, Rickey Peter, and Creative Loans & Realty because they have filed for bankruptcy.  (See Docket No. 19).  None of the other named defendants have appeared in this matter after removal from state court.

2

must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted). See also Iqbal, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). However, a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations and "heightened fact pleading of specifics" is not required to survive a motion to dismiss. Bell Atlantic Corp., 550 U.S. at 570. Rather, the complaint need only give "enough facts to state a claim to relief that is plausible on its face." Id.

DISCUSSION

A.   TILA Claim

   1.   Failure to Allege Tender

The TILA claim is Skrabe's sole federal claim for relief. As a threshold matter, defendant argues that the claim must be dismissed because plaintiff has not only failed to allege tender of amounts required to cure her default, but also is incapable of performing tender.

In the context of claims arising under TILA, the Ninth Circuit has held that a district court may alter the statutory rescission procedures and has "discretion to condition rescission on tender by the borrower of the property he had received from the lender." Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003) (internal quotation marks and citation omitted). District courts within the Ninth Circuit have adopted different understandings of Yamamoto; one line of cases reads it to require a plaintiff to plead the present ability to tender the loan proceeds in order to survive a motion to dismiss, while another line holds that it does not. See Kakogui v. Amer. Brokers Conduit, No. C09-4841 JF (HRL), 2010 WL 1265201, at *4 (N.D. Cal. Mar. 30, 2010) (collecting cases). With respect to plaintiff's claim for rescission under TILA, this court agrees that "while a borrower must ultimately demonstrate ability to tender to prove a claim for TILA rescission on the merits, he or she need not allege this ability at the pleading stage." Davenport v. Litton Loan Servicing, LP, 725 F. Supp. 2d 862, 880 (N.D. Cal. 2010); see also Botelho v. U.S. Bank, N.A., 692 F. Supp. 2d 1174 (N.D. Cal. 2010) (same). Accordingly, the court declines to dismiss plaintiff's TILA claim on this basis.

3

### 2. Sufficiency of Pleading

U.S. Bank nonetheless argues that dismissal is warranted because the complaint fails to state a claim for relief. Here, Skrabe's allegations of wrongdoing focus primarily on conduct occurring at the origination of the subject loan. The gravamen of the TILA claim is that defendant Rickey Peter, a real estate agent with defendant Creative Loans & Realty, failed to provide documents required by TILA. (Compl. ¶¶ 8, 16, 24-25). The complaint also alleges that defendant Chase Home Finance (as successor in interest to Washington Mutual Bank) received, but failed to honor, Skrabe's notice of rescission. (Id. ¶¶ 93-96). The complaint does not allege facts showing how U.S. Bank is liable for these alleged misdeeds. Skrabe merely alleges, in conclusory fashion, that all subsequently named Doe defendants (of which U.S. Bank is one) "conspired with the named Defendants to strip all of the equity in Plaintiffs' [sic] home by encumbering it with insurmountable debt and, in so doing, are responsible in some manner for the events described in this Complaint." (Id. ¶ 11). The court concludes that Skrabe's TILA claim should be dismissed. See Bell Atlantic Corp., 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."); Iqbal, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). Plaintiff will, however, be given leave to amend.

### B. Plaintiff's State Law Claims

In view of the dismissal of plaintiff's TILA claim, the court declines to exercise supplemental jurisdiction over plaintiff's state law claims unless and until a viable federal claim is adequately pled.[2] See 28 U.S.C. § 1367. Accordingly, these claims are also dismissed,

---

[2] Circuits are split as to the type of federal jurisdiction district courts retain after the FDIC is voluntarily dismissed from an action. The Second and Fifth Circuits are of the view that, in such situations, courts retain mandatory original jurisdiction over the action. See Adair v. Lease Partners, Inc., 587 F.3d 238, 242 (5th Cir. 2009); F.D.I.C. v. Four Star Holding Co., 178 F.3d 97, 100-01 (2d Cir. 1999). The Third Circuit, by contrast, holds that courts retain discretionary supplemental jurisdiction over state law claims. New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1494-95 (3d Cir. 1996). The Ninth Circuit has not addressed the issue. See Destfino v. Reiswig, 630 F.3d 952, 958 (9th Cir. 2011) (noting the split of authority, but finding it unnecessary to "take sides in this dispute"). And, district courts within this circuit have followed the Third Circuit's approach. See Schwartz v. IndyMac Fed. Bank, No. CV 2:10-cv-00516, 2010 WL

4

1 without prejudice to plaintiff to include them in an amended complaint that adequately states a
2 viable federal claim for relief.

ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant U.S. Bank's motion to dismiss is granted as to plaintiff's TILA claim with leave to amend.

2. Plaintiff's state law claims are dismissed without prejudice.

3. If plaintiff chooses to amend her complaint, her amended pleading shall be filed within 14 days from the date of this order.

4. The initial case management conference set for April 19, 2011 is re-set for **May 17, 2011, 1:30 p.m.** in Courtroom 2.

Dated: March 22, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

5204305, at *1 n.1 (E.D. Cal. Dec. 15, 2010) (citing cases).

5

1  5:10-cv-03230-HRL Notice has been electronically mailed to:

2  Ayhan M. Menekshe , Esq    menekshe@menekshelaw.com, grey@menekshelaw.com, springer@menekshelaw.com

3

4  Jane E. Bednar    janebednarlaw@sbcglobal.net

5  John M. Sorich    jsorich@adorno.com

6  Sadhana Devi Narayan    narayanlaw@narayanlaw.com

7  Sung-Min Christopher Yoo    cyoo@alvaradosmith.com, jyoung@alvaradosmith.com, mault@alvaradosmith.com, vdelgado@alvaradosmith.com

8  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.