*E-FILED: September 13, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INGRIDA SKRABE,<br><br>    Plaintiff,<br>  v.<br><br>U.S. BANK, N.A., as Trustee for WAMU Mortgage Pass Through Certificate for WMALT Series 2007-OA3; FINANCIAL TITLE COMPANY; PAULA PIOLETTI; CREATIVE LOANS & REALTY; RICKEY PETER; and DOES 3 through 200, inclusive,<br><br>    Defendants.<br>_____/ | No. C10-03230 HRL<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; AND (2) SETTING CASE MANAGEMENT CONFERENCE**<br><br>[Re:  Docket No. 48] |

    Plaintiff Ingrida Skrabe sues for alleged federal and state law violations arising out of the refinancing of her home mortgage.  She filed a complaint in state court, asserting seven claims for relief:   (1) Fraud and Deceit; (2) Breach of Contract; (3) Breach of Fiduciary Duty/Constructive Fraud; (4) Negligent Misrepresentation; (5) Violation of Business and Professions Code § 17200, *et seq*.; (6) Unjust Enrichment; and (7) Rescission Based on Violation of Federal Truth in Lending Act (TILA), 15 U.S.C. § 1635.  Skrabe subsequently named as defendants U.S. Bank as Trustee for Washington Mutual Bank (Washington Mutual), as well as the Federal Deposit Insurance Corporation (FDIC) in its capacity as receiver for Washington Mutual.  Pursuant to 12 U.S.C. § 1819(b), the FDIC removed the matter here. Shortly after, Skrabe dismissed her claims against the FDIC with prejudice.

This court granted defendant U.S. Bank's Fed. R. Civ. P. 12(b)(6) motion to dismiss with leave to amend as to plaintiff's TILA claim, and declined to exercise jurisdiction over her state law claims unless and until she pled a viable federal claim for relief.

Plaintiff filed a First Amended Complaint (FAC), this time naming U.S. Bank in its alleged capacity as Trustee for WAMU Mortgage Pass Through Certificate for WMALT Series 2007-OA3. The FAC reasserts a TILA claim; drops some state law claims; and adds a host of other state law claims that are asserted for the first time in the amended pleading.

Subsequently, plaintiff voluntarily dismissed without prejudice her claims against Financial Title Company, Paula Pioletti, and Rickey Peter. (Docket Nos. 60-62).[1]

Pursuant to Fed. R. Civ. P. 12(b)(6), U.S. Bank now moves to dismiss the FAC, arguing that plaintiff still has not sufficiently pled her claims. Plaintiff opposes the motion. Both parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); FED. R. CIV. P. 73. The motion was deemed submitted without oral argument. CIV. L.R. 7-1(b). Having considered the moving and responding papers, this court grants U.S. Bank's motion with leave to amend as to some claims.

LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. Id. (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual

---

[1] The record indicates that, due to bankruptcy filings, these proceedings have been automatically stayed as to the only other named defendant, Creative Loans & Realty. (See Docket No. 19). This court has not been advised about any proceeding in the bankruptcy action that would allow the instant lawsuit to go forward as to that defendant.

2

1 allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v.
2 Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted) However, only plausible claims for relief will survive a motion to dismiss. Iqbal, 129 S.Ct. at 1950. A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949.

Documents appended to the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

While leave to amend generally is granted liberally, the court has discretion to dismiss a claim without leave to amend if amendment would be futile. Rivera v. BAC Home Loans Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996)).

## DISCUSSION

A.  Claim 1:  TILA

Unlike the original complaint, which asserted a claim only for rescission, the FAC indicates that plaintiff now seeks damages and rescission under TILA as a remedy for alleged violations that occurred at the loan's origination. Specifically, plaintiff claims that neither the broker nor Washington Mutual (the original lender) provided her with required written disclosures, i.e., a properly filled out Notice of Right to Cancel and a properly filled out disclosure with all material loan term information. (FAC ¶¶ 21-22). The FAC further alleges that Washington Mutual extended credit for a high-rate mortgage without regard to Skrabe's

3

1  ability to repay the loan. (FAC ¶¶ 36-42). U.S. Bank argues that it was not involved in the
2  origination of the loan and therefore cannot be held liable for the alleged violations that are
3  attributed to others. Defendant further contends that the FAC's allegations are too conclusory,
4  in any event, to state a claim for relief as to U.S. Bank. Plaintiff contends that the FAC
5  adequately alleges U.S. Bank's liability as an assignee of Washington Mutual.

      1.      <u>Damages</u>

With respect to a claim for damages, TILA provides that a civil action "which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary." 15 U.S.C. § 1641(a). "[A] violation apparent on the face of the disclosure statement" includes "(1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or (2) a disclosure which does not use the terms required to be used by this subchapter." <u>Id.</u> The assignee liability provision has been interpreted by courts "as meaning that a TILA claim may be asserted against an assignee only for 'violations that a reasonable person can spot on the face of the disclosure statement or other assigned documents.'" <u>Romero v. Countrywide Bank, N.A.</u>, 740 F. Supp.2d 1129, 1141 (N.D. Cal. 2010) (quoting <u>White v. Homefield Financial, Inc.</u>, 545 F. Supp.2d 1159, 1168 (W.D. Wash. 2008)).

Here, it is not clear that Skrabe complains of alleged violations by Washington Mutual that a reasonable person could spot on the face of the disclosure documents. The FAC therefore fails to state sufficient facts to support any liability by U.S. Bank based on its alleged assignee status. To the extent plaintiff intends to pursue a claim for damages under TILA, the claim is dismissed with leave to amend.[2]

---

[2] On the instant motion, U.S. Bank does not challenge the timing of plaintiff's claim for damages. As such, the court will exercise its discretion to permit an opportunity for amendment here.

4

### 2. Rescission

TILA provides that a consumer's right of rescission is available "as against any assignee of the obligation." 15 U.S.C. § 1641(c). Courts have interpreted this provision to mean "that the rescission remedy applies to any assignee, regardless of their knowledge or involvement in the original TILA violation, or their status as a holder in due course." King v. Long Beach Mortgage Co., 672 F. Supp.2d 238, 247 (D. Mass. 2009); see also Lonberg v. Freddie MAC, 776 F. Supp.2d 1202, 1205 (D. Or. 2011) ("TILA explicitly states that the consumer's right of rescission is unaffected as against an assignee of the original lender."). Thus, "'[u]nlike a statutory damages claim against an assignee under § 1641(a), a rescission claim against an assignee under § 1641(c) may be brought even if there is no TILA violation apparent on the face of the loan documents.'" Sullivan v. Washington Mutual Bank FA, No. C09-02161EMC, 2009 WL 3458300 at *3 (N.D. Cal. Oct. 23, 2009) (quoting Miranda v. Universal Fin. Group, Inc., 459 F. Supp.2d 760, 764-65 & n.3 (N.D. Ill. 2006)).

Here, the FAC alleges that U.S. Bank is a successor-in-interest to Chase Home Finance (Chase) and Washington Mutual. (FAC ¶ 3). As noted above, plaintiff claims that Washington Mutual extended credit for a high-rate mortgage without regard to her ability to repay the loan. Plaintiff further alleges that she made a timely request for rescission to Chase (as Washington Mutual's successor-in-interest), but that Chase refused to acknowledge her rescission rights. (FAC ¶¶ 32-33). And, the FAC goes on to allege that U.S. Bank, as Chase's successor-in-interest, also refused to honor her request for rescission, and then caused a Notice of Default to be recorded and began foreclosure proceedings. (FAC ¶¶ 33-34). Taking all material allegations in the complaint as true and construing them in the light most favorable to plaintiff, the court finds that she has sufficiently alleged a claim for rescission under TILA as against U.S. Bank.

Because plaintiff has sufficiently pled a claim for rescission under TILA, the court will proceed to address her state law claims.

5

1     B.     <u>Claim 2: Unfair Competition Law (UCL) Claim (Cal. Bus. & Prof. Code § 17200)</u>

2     Plaintiff alleges on information and belief "that beginning at an exact date which is unknown to Plaintiff, but from at least February 22, 2007 [i.e., the date the loan was funded], the defendants committed unlawful, unfair and/or fraudulent business practices as defined by the Business and Professions Code Section 17200, by engaging in the unlawful, unfair and fraudulent business practices alleged in this Complaint." (FAC ¶ 44; <u>see also</u> FAC ¶ 25). U.S. Bank argues that plaintiff lacks standing to bring a claim under the UCL because she has not alleged loss of money or property caused by unfair competition. Defendant also contends that the FAC does not allege sufficient facts to support a predicate wrong.

"The UCL prohibits any 'unlawful, unfair or fraudulent business practices.'" <u>Zepeda v. PayPal, Inc.</u>, 777 F. Supp.2d 1215, 1222 (N.D. Cal. 2011) (quoting CAL. BUS. & PROF. CODE § 17200)). A UCL claim must be brought "by a person who has suffered injury in fact *and* has lost money or property as a result of the unfair competition." CAL. BUS. & PROF. CODE § 17204 (emphasis added). To establish standing under the UCL, a plaintiff must show that (1) "she has lost 'money or property' sufficient to constitute an 'injury in fact' under Article III of the Constitution" and (2) a "causal connection" between defendant's alleged UCL violation and the injury in fact. <u>Rubio v. Capital One Bank</u>, 613 F.3d 1195, 1203-04 (9th Cir. 2010).

Here, Skrabe says that she suffered economic damages in the form of the loan settlement charges and increased monthly mortgage payments. To the extent that plaintiff alleges that U.S. Bank wrongfully refused to honor her request for rescission, it is not clear how payment of settlement charges was caused by that alleged misconduct. But, the court concludes that the allegations about the payment of increased monthly mortgage payments are sufficient for standing purposes. <u>See, e.g.</u>, <u>Naranjo v. SBMC Mortgage</u>, No. 11-cv-2229-L(WVG), 2012 WL 3030370 at * 7 (S.D. Cal., July 24, 2012) (standing was sufficiently alleged where plaintiff claimed she suffered a "cloud on her title" and incurred damages in the form of payments defendants had no legal right to collect); <u>Lawther v. OneWest Bank, FSB</u>, No. C10-00054JCS, 2012 WL 298110 at *24 (N.D. Cal., Feb. 1, 2012) (allegations re three mortgage payments made pursuant to an alleged loan modification agreement were sufficient to establish standing);

6

1 Singh v. Washington Mutual Bank, No. C09-2771MMC, 2009 WL 2588885 at *7 (N.D. Cal.,
2 Aug. 19, 2009) (interest payments on the loan at issue deemed sufficient to establish standing).
3 Accordingly, defendant's motion to dismiss this claim for lack of standing is denied.

4 Inasmuch as plaintiff has pled a viable claim for rescission under TILA against U.S.
5 Bank, she may have a corresponding UCL claim against defendant. "Violation of almost any
6 federal, state, or local law may serve as the basis for a UCL claim." Plascencia v. Lending 1st
7 Mortgage, 259 F.R.D. 437, 448 (N.D. Cal. 2009). Citing Emry v. Visa Int'l Service Ass'n, 95
8 Cal. App.4th 952, 960, 116 Cal. Rptr.2d 25 (2002), defendant argues that it cannot be liable
9 under the UCL if it did not participate in the alleged misdeeds. Emry, however, is inapposite.
10 That case concerned solicitations, bearing defendant Visa's logo, that were sent to California
11 residents without Visa's knowledge. Visa did not exercise any control over the preparation or
12 mailing of the solicitations; nor did it have any relationship with any of the merchants who did.
13 Although Emry held that there is no vicarious liability under the UCL, it did not address the
14 issue of successor liability.

15 Even so, to the extent plaintiff seeks to hold U.S. Bank liable under the UCL for
16 fraudulent conduct, amendment is required. Skrabe must satisfy the heightened pleading
17 requirements of Fed. R. Civ. P. 9(b). See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th
18 Cir. 2009) (citing Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1102-05 (9th Cir. 2003)). More
19 details are required as to "the who, what, when, where and how of the misconduct alleged" in
20 order to meet the heightened pleading standard for fraud. Zepeda, 777 F. Supp.2d at 1222.

21 C.     Claim 4:   Fraudulent Misrepresentation

22 To state a claim for fraud under California law, a plaintiff must allege: (1) a
23 misrepresentation (false representation, concealment, or non-disclosure); (2) knowledge of
24 falsity (or scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and
25 (5) resulting damage. Lazar v. Super. Ct., 12 Cal.4th 631, 638, 49 Cal. Rptr.2d 377, 909 P.2d
26 981 (1996). Moreover, a "party must state with particularity the circumstances constituting
27 fraud or mistake." FED. R. CIV. P. 9(b). Allegations of fraud must be stated with "specificity
28 including an account of the 'time, place, and specific content of the false representations as well

7

as the identities of the parties to the misrepresentations.'" Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)). To survive a motion to dismiss, "'allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" Id. (quoting Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001)).

In essence, the FAC alleges that the broker inflated plaintiff's income on the loan application and that Washington Mutual did not verify her income information, with the result that she was approved for a loan she cannot afford. Then, without distinguishing between defendants, the FAC alleges, in conclusory fashion, that all defendants made false misrepresentations to plaintiff. (FAC ¶ 54). "A plaintiff may not merely lump together multiple defendants." Davenport v. Litton Loan Servicing, L.P., 725 F. Supp.2d 862, 876 (N.D. Cal. 2010) (citing Swartz, 476 F.3d at 765)). The FAC alleges no facts as to any misrepresentations made by U.S. Bank. Plaintiff contends that U.S. Bank may be held liable based on its assignee status. But, she cites no convincing authority and has not alleged any facts indicating that U.S. Bank can be held liable for allegedly fraudulent acts committed by other defendants at a time when U.S. Bank had no involvement in the subject loan.[3] This claim is dismissed with leave to amend.

D.  Claim 11: Unjust Enrichment

"Courts in this state and district diverge on whether unjust enrichment functions as an independent claim or is instead an effect that must be tethered to a distinct legal theory to warrant relief." Davenport, 725 F. Supp.2d at 885. "Under both views, the effect of unjust enrichment is remedied with some form of restitution." Id. "A plaintiff advances a basis for

---

[3] She is not aided by her sole cited authority, Great Western Bank v. Kong, 90 Cal. App.4th 28 (2001). In that case, certain business partners settled with a creditor concerning a partnership debt and thus became assignees of a deficiency judgment based on that debt. The court held that the creditor's assignment of a joint and several debt to one or more of the co-obligors extinguished the debt, precluding the assignee-partners from then enforcing the judgment against a non-settling partner.

8

obtaining restitution if he or she demonstrates defendant's receipt and unjust retention of a benefit." Id.

U.S. Bank argues that the FAC fails to state a claim for unjust enrichment because (1) U.S. Bank was not involved in the origination of the loan; and (2) the FAC does not allege U.S. Bank's unjust retention of a benefit at plaintiff's expense. Plaintiff says that, "through the conduct of its assignor," U.S. Bank received an unjust benefit in the form of excessive interest charges and settlement fees. (Opp. at 9; FAC ¶¶ 25, 88). But the FAC does not allege sufficient facts, nor does plaintiff cite authority, to support the proposition that actions of U.S. Bank's alleged predecessors-in-interest can be imputed to U.S. Bank for purposes of imposing liability under this claim. Moreover, the FAC itself states that the terms of the subject loan provided that (1) the loan was for $655,000.00; (2) that it is an adjustable rate loan, adjustable annually, with an initial interest rate of 2.4%, increasing to a maximum of 10.5%; (3) that in any month Skrabe did not pay the full amount of interest, the unpaid interest will be added to principal and accrue interest; and (4) that a pre-payment penalty would apply in some circumstances. (FAC ¶ 20). The FAC does not clearly identify what benefit U.S. Bank received or why its receipt or retention of any such benefit is unjust. This claim is dismissed with leave to amend.

E.  Plaintiff's New State Law Claims for Relief

The FAC adds ten new state law claims for relief—specifically, Claims 3, 5, 6-10, and 12-14.[4] U.S. Bank argues that all of the new claims presented for the first time in the FAC should be dismissed because plaintiff failed to request leave to add them.

"California district courts have occasionally considered new claims submitted in an amended complaint where the prior order of dismissal granted leave to amend without limitation." DeLeon v. Wells Fargo Bank, N.A., No. 10-cv-01390-LHK, 2010 WL 4285006 at *3 (N.D. Cal., Oct. 22, 2010). "In cases like this one, however, where leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken." Id. Here, the court's

---

[4] Although defendant identifies Claim 11 Unjust Enrichment as a new one, the original complaint also included a such a claim.

9

prior order granting defendant's motion to dismiss gave plaintiff leave to amend only as to her TILA claim. (Dkt. No. 45). Plaintiff therefore was required to seek leave of court before adding ten new claims for relief. In any event, the court finds that, with one very limited exception with respect to Claim 7 (discussed below), these new claims should be dismissed because they are not sufficiently pled.

### Claim 3: Elder Abuse

Financial elder abuse occurs when a person or entity "[t]akes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both." CAL. WELF. & INST. CODE § 15610.30(a)(1). Assisting another in such conduct also constitutes financial elder abuse. Id. § 15610.30(a)(2).

Plaintiff argues that U.S. Bank's liability is derivative of Washington Mutual's, but she provides no authority to support the proposition that the alleged bad faith of U.S. Bank's predecessors-in-interest can be imputed to U.S. Bank for purposes of imposing liability under the elder abuse law. In any event, the gravamen of this claim is plaintiff's assertion that she was defrauded into entering into an adjustable rate loan that she could not afford. As discussed above, plaintiff has not sufficiently alleged fraud, much less any conduct specifically attributable to U.S. Bank, when it happened, and why it is fraudulent. This claim is dismissed with leave to amend.

### Claim 5 (Fraudulent Concealment)

This claim fails for the same reasons stated above in connection with Claim 4 (fraudulent misrepresentation). It is dismissed with leave to amend.

### Claim 6 (Civil Conspiracy)

"A conspiracy is not an independent cause of action, but is instead 'a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration.'" Davenport, 725 F. Supp.2d at 881 (quoting Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal.4th 503, 510-11, 28 Cal. Rptr.2d 475, 869 P.2d 454 (1994)). "Liability for civil conspiracy generally requires three elements: (1) formation of a conspiracy (an agreement to commit wrongful acts);

1  (2) operation of a conspiracy (commission of the wrongful acts); and (3) damage resulting from
2  operation of a conspiracy." Id. "A civil conspiracy is therefore activated by the commission of
3  an underlying wrongful act." Id.

4  Plaintiff essentially claims that all defendants conspired to evict her from her home.
5  However, the allegations as to the elements of a civil conspiracy claim are conclusory. And as
6  for U.S. Bank, the FAC merely alleges that after plaintiff defaulted on the loan, U.S. Bank
7  caused to be recorded a Notice of Trustee's Sale. (FAC ¶ 71). It is not clear from the
8  allegations, as currently pled, how such conduct is unlawful. This claim is dismissed with leave
9  to amend.

10  Claim 7 (Cancellation of Void Instrument)

11  The gist of this claim is that the loan is voidable because it was procured by fraud.
12  (FAC ¶ 74). Although the FAC does not specifically say so, this claim apparently is based on
13  California Civil Code § 3412, which provides: "A written instrument, in respect to which there
14  is reasonable apprehension that if left outstanding it may cause serious injury to a person
15  against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to
16  be delivered up or canceled." CAL. CIV. CODE § 3412.

17  U.S. Bank argues that plaintiff has failed to sufficiently allege tender of the amount
18  required to cure her default. Defendant further contends that plaintiff's alleged ability to tender
19  is implausible, given her failure to make payments on her mortgage. "[T]o state a claim
20  pursuant to Civil Code § 3412, plaintiff must allege that she has restored everything of value
21  received from the loan transaction." Sanchez v. Morgageit, Inc., Case No. C10-4146PJH, 2011
22  WL 588178 at *2 (N.D. Cal., Feb. 10, 2011). Here, in connection with her TILA claim,
23  plaintiff alleges that she "is, or will be at the relevant time, ready, able and willing to tender all
24  sums necessary to effectuate a rescission of the Loan." (FAC ¶ 41). This allegation is
25  incorporated by reference in her claim for cancellation of void instrument. (FAC ¶ 73).
26  "[C]ourts in California continually treat tender or at least the allegation of ability to do so as a
27  necessary part of a valid claim for rescission of a contract." Davenport, 725 F. Supp.2d at 880.
28  While Skrabe ultimately must satisfy the tender requirement in order to recover under this

United States District Court
For the Northern District of California

1  claim, her good faith averment that she is willing and able to tender is sufficient to survive
2  dismissal, at least for now. Additionally, plaintiff may have a viable claim to the extent this
3  claim is cumulative of her claim for rescission under TILA. See, e.g., Nieves v. JPMorgan
4  Bank, N.A., Case No. C11-05260WHA, 2012 WL 478520 at *3 (N.D. Cal., Feb. 14, 2012)
5  (denying defendant's motion to dismiss plaintiff's § 3412 claim that was cumulative of her
6  sufficiently pled claim for rescission under TILA). Nevertheless, insofar as plaintiff's bases this
7  claim on alleged fraudulent conduct by U.S. Bank, the court agrees that it is insufficiently pled
8  and must be amended.

### Claim 8 (Common Counts)

Plaintiff alleges that "defendants became indebted to Plaintiff within the past three years for monies had and received by the defendants for the use and benefit of Plaintiff." (FAC ¶ 77). The FAC further alleges that "[t]he monies had and received by the defendants, plus accrued interest, are due and unpaid despite Plaintiff's demand." (FAC ¶ 78). "The only essential allegations of a common count are (1) the statement of indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc., and (3) nonpayment." Farmers Ins. Exchange v. Zerin, 53 Cal. App.4th 445, 460, 61 Cal. Rptr.2d 707 (1997) (quotations and citation omitted). "A cause of action for money had and received is stated if it is alleged the defendant 'is indebted to the plaintiff in a certain sum 'for money had and received by the defendant for the use of the plaintiff.'" Id. (quoting Schultz v. Harney, 27 Cal. App.4th 1611, 1623, 33 Cal. Rptr.2d 276 (1994)).

Defendant argues that these allegations are conclusory and vague, particulary when it is plaintiff who is in default on the subject loan. Plaintiff points out that under California pleading standards, such claims are "good against special or general demurrers." Id. Nevertheless, under federal pleading standards, plaintiff's allegations are insufficient to "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (citations omitted); see also Iqbal, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). This claim is dismissed with leave to amend.

12

Claim 9 (Preliminary & Permanent Injunctive Relief)

Plaintiff essentially seeks to enjoin defendants from foreclosing on her property. (FAC ¶¶ 79-83). Injunctive relief is a remedy, not a claim. Accordingly, this claim is dismissed without leave to amend to the extent plaintiff seeks to assert it as a separate claim for relief. But, this ruling is without prejudice to plaintiff to seek injunctive relief, if appropriate, as a remedy for valid claims.

Claim 10 (Unconscionability and/or Illegality)

Plaintiff claims that the loan agreement is unconscionable under California Civil Code § 1670.5 because of defendants' alleged conduct in the loan origination. However, a "claim for unconscionability under California Civil Code section 1670.5 is a defense to the enforcement of a contract, not an affirmative claim." Nguyen v. Wells Fargo Bank, N.A., 749 F. Supp.2d 1022, 1037 (N.D. Cal. 2010) (citing Dean Witter Reynolds, Inc. v. Super. Ct., 211 Cal. App.3d 758, 766, 259 Cal. Rptr. 789 (1989)); see also Jones v. Wells Fargo Bank, 112 Cal. App.4th 1527, 1539 (2003) ("More fundamentally, there is no cause of action for unconscionability under section 1670.5; that doctrine is only a defense to contract enforcement."). This claim is dismissed without leave to amend.

Claim 12 (Aiding and Abetting–Breach of Fiduciary Duty)

Plaintiff claims that the broker breached his fiduciary duty to her by failing to disclose certain information at the origination of the loan. She further alleges that all the other defendants were the broker's "co-conspirators" and "aided and abetted" the broker's claimed breach of fiduciary duty. (FAC ¶¶ 94-99). "In California, a party 'aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person.'" Davenport, 725 F. Supp.2d at 882 (quoting Berryman v. Merit Property Mgmt., Inc., 152 Cal.App.4th 1544, 1559, 62 Cal.Rptr.3d 177 (2009)). "By contrast, '[m]ere knowledge that a tort is being committed and the failure to prevent it does not constitute aiding and abetting.'" Id. (quoting

13

Austin B. v. Escondido Union School Dist., 149 Cal.App.4th 860, 879, 57 Cal.Rptr.3d 454 (2007)).

Here, plaintiff has presented no facts to support her theory that U.S. Bank knew about the broker's acts or substantially assisted or encouraged such conduct. Indeed, as discussed above, the FAC and appended exhibits demonstrate that U.S. Bank was not involved in the origination of the loan. The FAC merely states a legal conclusion. This claim is dismissed with leave to amend.

Claim 13 (Aiding and Abetting–Fraud)

This claim is dismissed for the same reasons discussed above in connection with Claim 12. And, as also discussed above, plaintiff has not alleged sufficient facts as to any fraudulent conduct by U.S. Bank.

Claim 14 (Constructive Fraud)

This claim fails for the same reasons stated above in connection with Claim 4 (fraudulent misrepresentation). Additionally, "'[c]onstructive fraud is a unique species of fraud applicable only to a fiduciary or confidential relationship." Finuliar v. BAC Home Loans Servicing, L.P., Case No. C11-02629JCS, 2011 WL 4405659 at*11 (N.D. Cal., Sept. 21, 2011) (quoting Assilzadeh v. California Federal Bank, 82 Cal.App.4th 399, 415, 98 Cal.Rptr.2d 176 (2000). There are no facts alleged that the relationship between U.S. Bank and Skrabe went beyond that of a lender and borrower. And, the lender-borrower relationship is not fiduciary in nature. Nymark v. Heart Fed. Savings & Loan Ass'n, 231 Cal. App.3d 1089, 1093 n.1, 283 Cal. Rptr. 53 (1991). This claim is dismissed with leave to amend.

ORDER

Based on the foregoing, defendant's motion to dismiss is granted, with leave to amend as to all claims except those for "Preliminary & Permanent Injunctive Relief" and for "Unconscionability and/or Illegality" under California Civil Code § 1670.5. Leave to amend is limited to those claims pled in the FAC and consistent with the rulings above. Plaintiff's amended complaint shall be filed within 14 days from the date of this order. To the extent plaintiff intends to assert new or different claims for relief or add new parties, she must make an

appropriate application pursuant to Fed. R. Civ. P. 15. Failure to comply with this order may result in sanctions.

Additionally, a case management conference is set for **October 30, 2012, 1:30 p.m.** in Courtroom 2. The parties' Joint Case Management Conference Statement shall be filed no later than **October 23, 2012**.

SO ORDERED.

Dated: September 13, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:10-cv-03230-HRL Notice has been electronically mailed to:

2  Ayhan M. Menekshe , Esq    menekshe@menekshelaw.com, grey@menekshelaw.com, springer@menekshelaw.com

3

4  Jane E. Bednar    janebednarlaw@sbcglobal.net

   John M. Sorich    jsorich@adorno.com
5
   Sadhana Devi Narayan    narayanlaw@narayanlaw.com
6
   Sung-Min Christopher Yoo    cyoo@alvaradosmith.com, jyoung@alvaradosmith.com, mault@alvaradosmith.com
7

8  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California