*E-FILED: December 3, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INGRIDA SKRABE,<br><br>    Plaintiff,<br>  v.<br><br>U.S. BANK, N.A., as Trustee for WAMU Mortgage Pass Through Certificate for WMALT Series 2007-OA3; CREATIVE LOANS & REALTY; and DOES 3 through 100, inclusive,<br><br>    Defendants. | No. C10-03230 HRL<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; (2) DENYING AS MOOT REQUEST FOR TELEPHONIC APPEARANCE**<br><br>[Re: Docket Nos. 73, 78] |

    Plaintiff Ingrida Skrabe sues for alleged federal and state law violations arising out of the refinancing of her home mortgage. She filed a complaint in state court, asserting seven claims for relief: (1) Fraud and Deceit; (2) Breach of Contract; (3) Breach of Fiduciary Duty/Constructive Fraud; (4) Negligent Misrepresentation; (5) Violation of Business and Professions Code § 17200, *et seq.*; (6) Unjust Enrichment; and (7) Rescission Based on Violation of Federal Truth in Lending Act (TILA), 15 U.S.C. § 1635. Skrabe subsequently named as defendants U.S. Bank as Trustee for Washington Mutual Bank (Washington Mutual), as well as the Federal Deposit Insurance Corporation (FDIC) in its capacity as receiver for Washington Mutual. Pursuant to 12 U.S.C. § 1819(b), the FDIC removed the matter here. Shortly after, Skrabe dismissed her claims against the FDIC with prejudice. She later voluntarily dismissed without prejudice her claims against Financial Title Company, Paula

Pioletti, and Rickey Peter. (Docket Nos. 60-62).

This court granted defendant U.S. Bank's Fed. R. Civ. P. 12(b)(6) motion to dismiss with leave to amend as to plaintiff's TILA claim, and declined to exercise jurisdiction over her state law claims unless and until she pled a viable federal claim for relief.

Plaintiff filed a First Amended Complaint (FAC), this time naming U.S. Bank as Trustee for WAMU Mortgage Pass Through Certificate for WMALT Series 2007-OA3. According to plaintiff, U.S. Bank acquired plaintiff's mortgage on or about November 10, 2009 through an assignment of the deed of trust. (FAC ¶ 3). The court granted in part and denied in part U.S. Bank's Fed. R. Civ. P. 12(b)(6) motion to dismiss the FAC and gave plaintiff leave to amend some claims.

Plaintiff has filed a Second Amended Complaint (SAC). Claiming that the SAC still fails to sufficiently plead a claim for relief, U.S. Bank moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the three claims asserted against it for (1) alleged violation of the Truth in Lending Act (15 U.S.C. § 1601, et seq.); (2) Elder Financial Abuse (Cal. Welf. & Inst. Code § 15600, et seq.); and (3) Unfair Business Practices (Cal. Bus. & Prof. Code § 17200).[1] Plaintiff opposes the motion. Both parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); FED. R. CIV. P. 73. The motion is deemed suitable for determination without oral argument, and the December 4, 2012 hearing is vacated. CIV. L.R. 7-1(b). Defendant's request to appear by phone at the hearing is denied as moot. Having considered the moving and responding papers, including the documents submitted by defendant for judicial notice,[2] this court grants the motion in part and denies it in part.

---

[1] Due to bankruptcy filings, these proceedings were automatically stayed as to the only other named defendant, Creative Loans & Realty. (See Docket No. 19). The court has not been advised about any event in the bankruptcy action that would allow plaintiff to proceed with her claims as to that defendant.

[2] There being no dispute as to the authenticity of the loan-related records defendant submitted, U.S. Bank's request for judicial notice is granted. FED. R. EVID. 201.

2

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. Id. (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted) However, only plausible claims for relief will survive a motion to dismiss. Iqbal, 129 S.Ct. at 1950. A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949.

Documents appended to the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

While leave to amend generally is granted liberally, the court has discretion to dismiss a claim without leave to amend if amendment would be futile. Rivera v. BAC Home Loans

1  Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d
2  386, 393 (9th Cir. 1996)).

## DISCUSSION

A.  TILA

The loan in question was funded on February 22, 2007. According to the SAC, neither the broker nor Washington Mutual (the original lender) provided plaintiff with required written disclosures, i.e., a properly filled out Notice of Right to Cancel and a properly filled out Federal Truth in Lending Disclosure with all material loan term information correctly disclosed. (SAC ¶¶ 11-12). The SAC says that the terms of the subject loan provided that (1) the loan was for $655,000.00; (2) that it is an adjustable rate loan, adjustable annually, with an initial interest rate of 2.4%, increasing to a maximum of 10.5%; (3) that in any month Skrabe did not pay the full amount of interest, the unpaid interest will be added to principal and accrue interest; and (4) that a pre-payment penalty would apply in some circumstances. (SAC ¶ 10). Skrabe alleges that Washington Mutual and the broker nevertheless failed to accurately disclose that her initial payments were not fully amortized; that the loan's adjustable rate would cause her monthly payments to balloon to sums she could not afford to pay; that making the minimum monthly payments would result in negative amortization; and that she risked losing her property in foreclosure if she did not make the requisite payments. (Id. ¶ 13).

The SAC goes on to allege that on October 30, 2009, plaintiff sent a Notice of Rescission to Chase Home Finance (Washington Mutual's successor-in-interest), but Chase "refused to acknowledge [her] rescission rights." (Id. ¶ 22-23). Plaintiff further alleges that U.S. Bank, as successor-in-interest to Chase Home Finance, also "refused to honor the requested rescission, resulting in the filing of this complaint." (Id. ¶ 23).

For these alleged violations, Skrabe seeks damages plus her attorney's fees and costs.

a.  Rescission

TILA provides that a consumer's right of rescission is available "as against any assignee of the obligation." 15 U.S.C. § 1641(c). In its order on defendant's prior motion to dismiss, the court concluded that plaintiff adequately pled a claim based on U.S. Bank's alleged unlawful

4

1  refusal to honor her rescission request. On the instant motion, U.S. Bank initially challenged
2  plaintiff's allegations concerning her ability to tender the loan proceeds. Defendant concedes,
3  however, that plaintiff's ability to tender is a factual matter and says that it will address this
4  issue on summary judgment. Accordingly, this portion of defendant's motion to dismiss is
5  deemed moot.

      b.    <u>Damages</u>

U.S. Bank argues that plaintiff's damages claim is time-barred. To the extent Skrabe seeks damages for alleged disclosure violations that occurred at or before the February 22, 2007 closing of the loan, defendant is correct. Claims for damages under TILA are barred by a one-year statute of limitations, which begins to run "from the date of consummation of the transaction." <u>King v. California</u>, 784 F.2d 910, 915 (9th Cir.1986); 15 U.S.C. § 1640(e). The instant lawsuit was not filed until February 4, 2010, nearly two years too late. Moreover, plaintiff, who has amended her pleadings more than once, has not alleged any facts that would justify tolling the statute of limitations. Nor does she state that she truthfully or plausibly could allege any such facts. And, indeed, the SAC alleges that all of the purported disclosure violations were apparent on the face of the loan documents. (SAC ¶ 35).

Instead, plaintiff argues that her damages claim is timely because she seeks them as recoupment or set-off. TILA provides that the one-year limitations period does not apply where violations are asserted "as a matter of defense by recoupment or set-off" in "an action to collect the debt." 15 U.S.C. § 1640(e). Specifically, Skrabe says that she is asserting a damages claim as a defense to foreclosure under 15 U.S.C. § 1635(k), which provides that "when a creditor, assignee, or other holder of a residential mortgage loan . . . initiates a judicial or nonjudicial foreclosure of the residential mortgage loan, or any other action to collect the debt in connection with such loan," a consumer may assert violations "as a matter of defense by recoupment or set off without regard for the time limit on a private action for damages under [15 U.S.C.] subsection (e)." 15 U.S.C. § 1635(k). Plaintiff's argument fails to convince. She is clearly asserting disclosure violations, not as a defense in an action to collect a debt, but as an affirmative claim in her lawsuit to collect damages from U.S. Bank. <u>See</u> <u>Tacheny v. M&I</u>

5

1  Marshall & Ilsey Bank, No. 10-cv-2067, 2011 WL 1657877 at *5 (D. Minn., Apr. 29, 2011)
2  (concluding that TILA's exception to the one-year limitations period did not apply where
3  "plaintiffs are asserting these violations as a matter of offense in an action that *they* have filed
4  against the lenders to collect *damages*."); see also Molina v. OneWest Bank FSH, – F. Supp.2d
5  –, No. 10-00403, 2012 WL 4718037 at *7 (D. Hawai'i, Sept. 30, 2012) (stating that equitable
6  recoupment "is a defense, not an affirmative claim for relief").

7  Even if plaintiff's damages claim in connection with the alleged disclosure violations
8  was timely, the allegations of the SAC, even viewed in the light most favorable to plaintiff,
9  indicate that the alleged violations are not ones that a reasonable person could spot on the face
10 of the disclosure documents. With respect to a claim for damages, TILA provides that a civil
11 action "which may be brought against a creditor may be maintained against any assignee of
12 such creditor only if the violation for which such action or proceeding is brought is apparent on
13 the face of the disclosure statement, except where the assignment was involuntary." 15 U.S.C.
14 § 1641(a). "[A] violation apparent on the face of the disclosure statement" includes "(1) a
15 disclosure which can be determined to be incomplete or inaccurate from the face of the
16 disclosure statement or other documents assigned, or (2) a disclosure which does not use the
17 terms required to be used by this subchapter." Id. The assignee liability provision has been
18 interpreted by courts "as meaning that a TILA claim may be asserted against an assignee only
19 for 'violations that a reasonable person can spot on the face of the disclosure statement or other
20 assigned documents.'" Romero v. Countrywide Bank, N.A., 740 F. Supp.2d 1129, 1141 (N.D.
21 Cal. 2010) (quoting White v. Homefield Financial, Inc., 545 F. Supp.2d 1159, 1168 (W.D.
22 Wash. 2008)).

23 Here, the thrust of plaintiff's allegations is that the loan documents were "not clear and
24 conspicuous in advising plaintiff that if she made only the minimum payments required under
25 the Loan, negative amortization was certain to result." (SAC ¶ 34). Instead, Skrabe claims that
26 the loan documents, when viewed together with the Truth in Lending Disclosure Statement
27 payment schedule, misled her into believing that negative amortization merely was a possibility;
28 and, she says that the alleged disclosure violations are notable for their "lack of clarity and

6

1 conspicuousness." (Id. ¶ 35). These are not violations a reasonable person could spot on the face of the disclosure documents. Accordingly, plaintiff's claim for damages for alleged disclosure violations under TILA is dismissed without leave to amend.

With respect to plaintiff's claim that U.S. Bank wrongfully refused to honor her request for rescission, however, the SAC's allegations indicate that her damages claim is timely. Skrabe says that she did not receive a proper Notice of Right to Cancel, thereby extending her right of rescission to three years. See Miguel v. County Funding Corp., 309 F.3d 1161, 1163 (9th Cir. 2002) ("If proper notice of rescission rights is not delivered to the consumer at the time of closing, and the lender fails to cure the omission by subsequently providing the proper information, the consumer's usual right to rescind within three days of closing is extended to three years."). The unlawful refusal to rescind a loan constitutes an independent TILA violation. Tacheny, 2011 WL 1657877 at *5. Here, plaintiff alleges that she sent a rescission notice on October 30, 2009. (SAC ¶ 22). It is unclear when U.S. Bank received that notice or allegedly refused to honor it, but one can reasonably infer from the SAC that the alleged unlawful refusal must have happened sometime between October 30, 2009 when the notice reportedly was sent and February 4, 2010 when the instant action was filed. Plaintiff's claim for damages based on the alleged wrongful refusal to rescind the loan therefore was filed well within one year of the alleged violation. Defendant's motion to dismiss this portion of plaintiff's damages claim as untimely is denied.[3]

B. <u>Elder Abuse</u>

Financial elder abuse occurs when a person or entity "[t]akes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both." CAL. WELF. & INST. CODE § 15610.30(a)(1). "[A] person or entity takes, secretes, appropriates, obtains, or retains real or personal property when an elder or dependent adult is deprived of any property right, including by means of an agreement." Id. § 15610.30(c). Assisting another in such conduct also constitutes financial elder abuse. Id. §

---

[3] This court does not reach the issue whether U.S. Bank, as assignee, can be liable for damages for wrongfully refusing a rescission request.

7

1 15610.30(a)(2). A violation of the statute occurs "if, among other things, the person or entity
2 takes, secretes, appropriates, obtains, or retains the property and the person or entity knew or
3 should have known that this conduct is likely to be harmful to the elder or dependent adult." Id.
4 § 15610.30(b).

As noted in the court's order on defendant's prior motion to dismiss, the gravamen of this claim is that the loan in question was procured by fraud. The claim was dismissed with leave to amend because plaintiff did not sufficiently allege fraud, much less any conduct specifically attributable to U.S. Bank, when it happened, and why it is fraudulent.

The SAC now alleges that U.S. Bank assisted in the alleged financial abuse when plaintiff defaulted and, "despite plaintiff's service of a Notice of Rescission on U.S. Bank, said bank caused the Notice of Default and Trustee's Sale to issue." (SAC ¶ 45). The SAC further alleges that U.S. Bank knew or should have known that Washington Mutual and the broker failed to make proper disclosures at loan origination and that the loan therefore was subject to rescission. (Id.).

U.S. Bank, however, had no involvement in the loan origination. As discussed above, the allegations of the SAC indicate that the alleged disclosure violations by Washington Mutual and the broker are not apparent on the face of the loan documents. There are no facts demonstrating that any alleged fraud by Washington Mutual or the broker properly can be attributed to U.S. Bank for purposes of establishing liability for financial elder abuse. Moreover, service of a rescission request does not automatically void a mortgagee's security interest in the property. Yamamoto v. Bank of New York, 329 F.3d 1167, 1172 (9th Cir. 2003). Instead,

> the security interest becomes void when the obligor exercises a right to rescind that is available in the particular case, either because the creditor acknowledges that the right of rescission is available, or because the appropriate decision maker has so determined. . . . Until such decision is made, the [borrowers] have only advanced a claim seeking rescission.

Id. (quoting Large v. Conseco Finance Servicing Corp., 292 F.3d 49, 54-55 (1st Cir. 2002)).

Plaintiff's claim for financial elder abuse is dismissed as to U.S. Bank without leave to amend.

United States District Court
For the Northern District of California

C.   Unfair Competition Law (UCL) (Cal. Bus. & Prof. Code § 17200)

California's UCL prohibits any "unlawful, unfair or fraudulent business act or practice." CAL. BUS. & PROF. CODE § 17200. Inasmuch as plaintiff has pled a viable claim for rescission under TILA against U.S. Bank, she may have a corresponding UCL claim against defendant. "Violation of almost any federal, state, or local law may serve as the basis for a UCL claim." Plascencia v. Lending 1st Mortgage, 259 F.R.D. 437, 448 (N.D. Cal. 2009). U.S. Bank nonetheless argues that plaintiff should be foreclosed from asserting any claim against it under the UCL's "fraudulent" prong.

In its order on defendant's prior motion to dismiss, the court dismissed plaintiff's fraud-based claims for failure to allege the claimed fraudulent conduct with requisite particularity under Fed. R. Civ. P. 9(b). And, to the extent plaintiff's UCL claim was based on allegedly fraudulent conduct by U.S. Bank, the UCL claim was also dismissed with leave to amend. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003) (holding that "where fraud is not an essential element of a claim, only allegations ('averments') of fraudulent conduct must satisfy the heightened pleading requirements of Rule 9(b).").

Plaintiff has now dropped her fraud-based claims against U.S. Bank. As such, U.S. Bank contends that plaintiff will not be able to establish any violation of the UCL's "fraudulent" prong. Currently, the only underlying claim remaining against U.S. Bank is one for rescission under TILA. It remains to be seen whether the "fraudulent" prong of the UCL will actually be an issue. However, to the extent defendant contends that plaintiff's claim under the UCL's "fraudulent" prong should be dismissed simply because she no longer asserts fraud claims against U.S. Bank, that argument is rejected. "A plaintiff may demonstrate a violation of the 'fraudulent' prong of § 17200 by showing that reasonable 'members of the public are likely to be deceived.'" Castro Valley Union 76, Inc. v. Vapor Sys. Technologies, Inc., No. C11-0299PJH, 2012 WL 5199458 at *8 (N.D. Cal., Oct. 22, 2012) (quoting Sybersound Records, Inc. v. IAV Corp., 517 F.3d 1137, 1151-52 (9th Cir. 2008)). Defendant's motion to dismiss plaintiff's UCL claim is denied.

ORDER

Based on the foregoing, defendant's motion to dismiss is granted in part and denied in part without leave to amend.

SO ORDERED.

Dated: December 3, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:10-cv-03230-HRL Notice has been electronically mailed to:

Amir Ali Amini     aamini@alvaradosmith.com, Lhernandez@alvaradosmith.com

Ayhan M. Menekshe , Esq     menekshe@menekshelaw.com, grey@menekshelaw.com, springer@menekshelaw.com

Jane E. Bednar     janebednarlaw@sbcglobal.net

Jenny Lee Merris     jmerris@alvaradosmith.com, mault@alvaradosmith.com

John M. Sorich     jsorich@adorno.com

Sadhana Devi Narayan     narayanlaw@narayanlaw.com, egomez@narayanlaw.com

Sung-Min Christopher Yoo     cyoo@alvaradosmith.com, crosas@alvaradosmith.com, jyoung@alvaradosmith.com, mault@alvaradosmith.com

Theodore Emery Bacon     tbacon@alvaradosmith.com, Lhernandez@alvaradosmith.com, mSchwark@AlvaradoSmith.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.